IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KYLE GEE,<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE<br>INSURANCE COMPANY,<br><br>    Defendant. | CV 17-5-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Kyle Gee filed this action in the Montana Thirteenth Judicial District Court, seeking to recover underinsured motorist coverage after he was injured in a motor vehicle accident. (*See generally* Doc. 5.) Defendant Liberty Mutual Fire Insurance Company ("Liberty") removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a) and (b). (Doc. 1 at 2-3.) Gee now moves to remand the case to state court. (Doc. 9.) For the reasons set forth below, Gee's motion should be denied.

I. **Pertinent Facts**

The following facts are taken from the parties' pleadings, and are assumed to be true for the purposes of this motion only. *Schultz v. AstraZeneca Pharm., L.P.*, 2006 WL 3797932 at *1 (N.D. Cal. Dec. 22, 2006). Gee was involved in a motor

1

vehicle accident in Billings, Montana on November 11, 2013. (Doc. 5 at ¶ 6.) State Farm Mutual Automobile Insurance Company insured the at-fault driver and paid Gee $100,000.00, representing the limits of the applicable liability policy. (*Id*. at ¶¶ 7-8.) Gee claims damages from the accident in excess of $100,000.00, and he is seeking additional recovery under his underinsured motorist coverage policy with Liberty. (*Id*. at ¶ 12.) For reasons irrelevant to this motion, Liberty thus far has declined to issue full payment to Gee. (*Id*. at ¶ 18; *see also* Doc. 15 at 5-6.)

Gee filed suit in Montana state court on October 7, 2016. (Doc. 5.) On November 29, 2016, Gee served his complaint and summons on the Montana Commissioner of Securities & Insurance (the "Commissioner"), as authorized by Mont. Code Ann. § 33-1-601, *et seq*. (Doc. 10-2.) The Commissioner notified Liberty of Gee's lawsuit by letter dated December 8, 2016, and included with the letter a copy of the complaint and summons. (Doc. 10-3.) Liberty removed the case to this Court on January 6, 2017, twenty-eight (28) days after the Commissioner's letter to Liberty, and thirty-seven (37) days after Gee served the complaint and summons on the Commissioner. (Doc. 1.) Gee now challenges the timeliness of removal. (Doc. 9.)

**II.    Legal Standard**

Removal of a civil action from state court to federal court is appropriate if the action originally could have been filed in federal court. 28 U.S.C. § 1441;

2

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts must "strictly construe the removal statute against removal jurisdiction" and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citations omitted). There is a "strong presumption" against removal, and the defendant has the burden to establish that removal is proper. *Id.* at 566-67. Any doubts are to be resolved in favor of remand. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

## III. Discussion

Gee does not challenge this Court's jurisdiction. Rather, the sole issue presented by Gee's motion is whether Liberty timely removed the case from state court to this Court. (Doc. 9.) In addressing this issue, both federal and Montana statutes are relevant to the process by which an insurer is served in the state of Montana, and can timely remove state court actions to federal court.

Montana law provides that "[e]ach insurer applying for authority to transact insurance in [Montana] shall appoint the commissioner as its attorney to receive service of legal process issued against it in Montana." Mont. Code Ann. § 33-1-

3

601(1). The statute further requires that "[t]he appointment must be made on a form designated and furnished by the commissioner." *Id.*

Mont. Code Ann. § 33-1-601(2) further instructs that "each insurer at the time of application for a certificate of authority shall file with the commissioner the name and address of the person to whom process against the insurer served upon the commissioner is to be forwarded."

In accordance with these requirements, Liberty executed a "Uniform Consent to Service of Process" provided by the Commissioner. (Doc. 10-4.) The form states that the insurer "appoints the officers of the State(s)…as its attorney in such State(s) upon whom may be served any notice, process or pleading as required by law…in any action or proceeding against it in the State(s) so designated…." *Id.*

After service on the Commissioner, Mont. Code Ann. § 33-1-603(1) requires the Commissioner to "promptly forward a copy by certified mail to the person last designated by the insurer to receive the service." Section 33-1-603(2) then provides the time period for the insurer to appear, answer, or plead when process is served upon the Commissioner, stating:

> When process is served upon the commissioner as an insurer's attorney, the insurer has 30 days within which to appear, answer, or plead after the date of mailing of the copy by the commissioner, exclusive of the date of mailing, as provided by subsection (1).

In accordance with these statutory procedures, Gee served his complaint on the Commissioner on November 28, 2016; the Commissioner forwarded a copy to

4

Liberty on December 8, 2016; and Liberty appeared and filed its notice of removal in the state court action on January 6, 2017, twenty-eight (28) days after the date of mailing by the Commissioner.

Nevertheless, Gee maintains that while Liberty's appearance may have been timely under Montana law, the notice of removal was not timely filed under the federal removal statute, 28 U.S.C. § 1446(b)(1), which provides in relevant part as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Gee argues that Liberty's thirty-day clock under § 1446(b)(1) began to run on November 29, 2016, when Gee served the Commissioner. Gee reasons that Liberty's appointment of the Commissioner under Mont. Code Ann. § 33-1-601 operates to designate the Commissioner as Liberty's registered agent, or "agent-in-fact," for service of process, as opposed to a mere administrative or "statutory agent." (Doc. 10 at 8-10.) Gee cites additionally to the Uniform Consent to Service of Process document Liberty executed with the Commissioner, which contains language indicating Liberty's agreement "that any lawful process against it which is

5

served under this appointment shall be of the same legal force and validity as if served on the entity directly…." (*Id*. at 10 (emphasis removed).)

As Gee correctly notes, "[n]either the Ninth Circuit nor any Montana federal district court have definitively ruled on the issue of whether the 30 day federally mandated removal period is triggered with service upon, as here, an Insurance Commissioner, or when that agent of service thereafter mails a courtesy copy of the proof of service to the defendant." (Doc. 10 at 8.)

In support of his argument, Gee relies on two out-of-circuit cases, *Ross v. Scottsdale Ins. Co.*, 2010 WL 4810211 (E.D. Mo. 2010) and *Ortiz v. Biscanin*, 190 F.Supp.2d 1237 (D. Kan. 2002)). Gee argues that both cases deal with "similar state laws requiring foreign insurers to designate insurance commissioners as agents for service of process," and both hold that service is effective for removal purposes when the insurance commissioner is served. (Doc. 10 at 10; *see* Mo. Rev. Stat. § 375.906, K.S.A. § 40-218.) Gee requests this Court rule similarly, and hold that service upon the Commissioner constitutes service upon an agent-in-fact, such that Liberty's thirty-day removal period began when Gee served the Commissioner and not when the Commissioner notified Liberty.

The problem for Gee is that *Ross* and *Ortiz* are notable exceptions to a long line of contrary authority, and those two exceptional cases have not been followed or cited favorably outside of their districts. In fact, the Kansas District Court's decision

in *Ortiz* has since been criticized by another district court decision from the District of Kansas, which pointed out that "*Ortiz* cited no authority for its holding, and it did not address the significant number of cases from other jurisdictions running to the contrary." *Handshumaker v. Vangilder*, 2015 WL 5032054 at *2 (D. Kan. Aug. 25, 2015).

Contrary to the holding in *Ortiz,* the *Handshumaker* court concluded that "the better rule is that service upon a statutory agent such as the Kansas Insurance Commissioner does not constitute 'receipt by the defendant' within the meaning of § 1446(b)." *Id*. The court found that "[t]his view is in accord with the overwhelming majority of district courts to have decided the issue and will thus promote uniformity in application of the statute." *Id*.

The *Ross* and *Ortiz* decisions were also considered by the Arizona District Court in *Nucor Corp. v. Employers Ins. Co. of Wausau*, 2012 WL 3242279 (D. Ariz. Aug. 7, 2012). As in Montana, foreign insurers attempting to do business in Arizona are required to appoint the Arizona insurance commissioner as their agent for service of process. *See* A.R.S. § 20-221. In considering the effect of such service, the Arizona Court found "the overwhelming weight of the authority is that 'where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process.'" *Nucor Corp.*, 2012 WL 3242279 at *5 (quoting *Lilly v. CSX Transp., Inc*., 186 F.Supp.2d

7

672, 675 (S.D.W. Va 2002). The court, therefore, "adopt[ed] that majority view that the 30-day period during which a foreign insurer may remove an action to federal court begins at the time the insurer receives the service of process from the Director and not at the time the Director is served." *Id*.

For similar authorities adopting this majority view, see *Abdullah v. Erdner Bros, Inc.*, 2015 WL 1190141 at *2 (D. Conn. March 16, 2015) ("The law appears to be settled that service on a statutory agent, such as…the State Insurance Commissioner, does not start the running of the removal statute time limitations period as would service on the defendant or an agent designated by the defendant."); *Lilly,* 86 F.Supp.2d at 675 (noting this is the result reached by "almost every district court that has recently addressed the issue."); *Medina v. Wal-Mart Stores, Inc*., 945 F.Supp. 519, 520-21 (W.D.N.Y. 1996) ("the heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent."); 14C Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure*, Section 3731 (4th ed. 2014) ("it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service….").

Gee's argument that the Commissioner should be considered Liberty's "agent-in-fact" and not its "statutory agent" is also unpersuasive, as demonstrated by the

8

very case Gee cites in support of that argument in his reply, *Val Energy, Inc. v. Ring Energy, Inc.*, 2014 WL 5510976 (D. Kan. October 31, 2014). (Doc. 22 at 2-3.) In *Val Energy*, the plaintiff served the defendant corporation through the defendant's registered agent, who then forwarded process to the defendant. *Id*. at *1. The defendant removed the case within thirty days of its receipt of service from the registered agent, but not within thirty days of the plaintiff's service upon the registered agent. *Id*. The plaintiff challenged removal as untimely. *Id*.

In ruling in favor of the plaintiff, the Kansas District Court explained that there is a key difference between a "registered agent" and a "statutory agent":

> The court finds, as suggested by Val Energy, that Capitol Corporate Services is a "registered agent" for Ring Energy, not a "statutory agent." In Kansas, foreign corporations conducting business in Kansas must appoint resident agents for service of process. K.S.A. 17–6202(a). This statutory requirement, however, does not make the resulting receiver of process a "statutory agent." Rather, the corporation has the power to designate its own agent and, thus, has a greater deal of control than it has over a statutory agent. True statutory agents are government officials who are designated to receive service of process or other documents under state law. These agents are not agents in fact, but as pointed out earlier, are merely mediums for the transmission of important papers.

*Id*. at *2. Without question, Montana's Insurance Commissioner falls within *Val Energy*'s definition of "statutory agent" and not "registered agent." Liberty had no choice in the appointment of the Commissioner as its agent for service of process. Rather, the Commissioner is a "government official[] who [is] designated to receive

9

service of process or other documents under state law," and is therefore not an agent-in-fact but "merely [a] medium[] for the transmission of important papers." *Id*.

Gee argues also that the Uniform Consent to Service of Process document Liberty executed renders the Commissioner Liberty's agent-in-fact. (Doc. 10-4.) Again, the Court is not persuaded. The document does nothing more than memorialize the relationship commanded by Mont. Code Ann. § 33-1-601. Liberty's execution of the document does not mean Liberty made a "voluntary designation" of the Commissioner as its agent-in-fact, as Gee apparently argues. (Doc. 22 at 3.) The fact remains that Liberty had no choice but to appoint the Commissioner as its agent for service of process if it wanted to do business in Montana, which makes the Commissioner Liberty's statutory agent as explained in *Val Energy*. *See also Nucor*, 2012 WL 3242279 at *5 (referring to Arizona's counterpart to the Commissioner as a "statutory agent"). Moreover, the consent form provided by the Commissioner appears to be a standard form published by the National Association of Insurance Commissioners for use in multiple jurisdictions. (Doc. 10-4.) It does not trump relevant state and federal law relative to the process for service of an insurer in the state of Montana, the effect of that service, or the time for removal of an action from state to federal court.

This Court believes the majority view – that service upon a statutory agent does not activate the defendant's thirty-day removal period – is the more sound

application of 28 U.S.C. § 1446(b)(1). Such a construction recognizes that "statutory agents are not true agents but merely are a medium for transmitting the relevant papers." 14C Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure*, Section 3731 (4th ed. 2014). It also recognizes "the principle that 'the defendant's right to a federal forum should not depend upon the rapidity and accuracy with which the statutory agent informs its principal of the commencement of litigation against it.'" *Abdullah*, 2015 WL 1190141 at *2 (quoting *Medina*, 945 F.Supp. at 521). Such a construction "is also consistent with the Supreme Court's observation that Congress enacted [§ 1446(b)] 'to ensure that the defendant would have access to the complaint before commencement of the removal period….'" *Handshumaker*, 2015 WL 5032051 at *2 (citing *Murphy Bros., Inc. v. Michetti Pipe Strining Inc.,* 526 U.S. 344, 352 (1999)).

The Court therefore recommends the denial of Gee's motion.

## IV.   Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Gee's Motion for Remand (Doc. 9) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court, and copies

11

served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 10th day of April, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge